IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RAHIM, INC., | ) CASE NO. 1:16 CV 262 |
| | ) |
| | ) JUDGE DONALD C. NUGENT |
| Plaintiff, | ) |
| | ) |
| vs. | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER OF TRANSFER** |
| MINDBOARD, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

This case is before the Court on the Motion of Defendants, Mindboard, Inc., Tarak Shah and Abhijit Verekar to Transfer Venue to either the Eastern District of Virginia or the District of Maryland pursuant to 28 U.S.C. § 1406(a)[1]. (ECF #5). Also before the Court is the Motion of Defendant Jody Moscaritolo to Dismiss for Lack of Personal Jurisdiction. (ECF #4). For the reasons set forth below, the Defendants have met their burden of showing that the considered factors weigh strongly in favor of transfer. The Defendants' Motion to Transfer Venue is, therefore, granted and the Motion to Dismiss for Lack of Personal Jurisdiction is mooted.

## BACKGROUND

Plaintiff, Rahim, Inc., filed this action on May 12, 2015, in the Court of Common Pleas for Cuyahoga County, Ohio against Defendants Mindboard, Inc., and its employees Abhijit Verekar, Tarak Shah, Andrew Hayes, Gergana Boneva and Jody Moscaritolo. All

---

[1] Defendants "clarified" in their reply brief that they seek transfer pursuant to 28 U.S.C. §1404(a) not § 1406(a).

of the individual defendants were former employees of Plaintiff Rahim, Inc. and are now employees of Defendant Mindboard. The gist of Plaintiff's numerous claims is that Defendants allegedly stole Plaintiff's trade secrets and confidential information and conspired to transfer Plaintiff's contracts to Mindboard. and to decimate Plaintiff financially so that it would not be able to pursue its claims to the stolen contracts. Specifically, Plaintiff asserts the following claims in its Verified Complaint: Misappropriation of Trade Secrets (Count One); Punitive Damages for Misappropriation of Trade Secrets (Count Two); Injunctive Relief (Count Three); Breach of Fiduciary Duty (Count Four); Tortious Interference with Contracts (Count Five); Tortious Interference with Business Relationships (Count Six); Unjust Enrichment (Count Seven); Civil Conspiracy (Count Eight); Breach of Employment Agreement (Count Nine); and Wrongful Disclosure of Confidential Information (Count Ten). A choice of law provision in the Employment Agreement provides that the Agreement shall be governed by Ohio law.[2] There is no forum selection clause in the Agreement.

     Plaintiff Rahim, Inc. is an Ohio corporation who had its principal place of business in Cleveland Ohio. Rahim, a management consulting company, is now defunct, with no income and insufficient assets to pay its creditors or existing debts. Plaintiff's owner, Rahim Rahim, is purportedly a resident of North Carolina. In any event, there is no allegation that he is a resident of Ohio. Defendant Mindboard is a Virginia corporation

---

[2] Plaintiff attaches copies of what appears to be the same Employment Agreement signed by former employees Hayes, Boneva and Moscaritolo as exhibits to the Verified Complaint. The Complaint states that the Employment Agreements signed by Defendants Verekar and Shah are missing from Plaintiff's files. Defendants Andrew Hayes and Gergana Boneva have been dismissed.

with its principal place of business in Sterling Virginia. It is also a management consulting company, or as described by Mindboard in its Motion to Transfer Venue, it is "an enterprise modernization firm which provides technology strategy, business process advisory and technology product lines to businesses."  Individual Defendants Verekar, Shah and Moscaritolo are former employees of Rahim. Specifically, Mr. Verekar was an employee of Plaintiff from 2006 until February 2014 and held positions of Consultant, Senior Consultant, Manager, Senior Manager and President and Chief Executive Officer during his employment at Rahim. Defendant Shah was an employee of Rahim from 2006 until July 2014 and held the positions of Consultant, Senior Consultant, Manger, Senior Manager and Vice President. Defendant Moscaritolo was an employee of Plaintiff from May 2013 to March 2014 and held the position of Project Manager.  While employed with Plaintiff, Defendants Verekar and Shah worked in Cleveland Ohio. Now as employees of Mindboard, both Mr. Verekar and Mr. Shah reside in Maryland. Mr. Moscaritolo is also a resident of Maryland and has never lived or worked in Ohio, even while employed by Plaintiff.  He was hired by Plaintiff through email and phone conversations for a position with Baltimore County to be staffed through Rahim, Inc. Mr. Moscaritolo states that the contact he had with Rahim was mainly limited to clarifications of the timesheets he submitted for work performed for Baltimore County. The only Rahim client that  Mr. Moscaritolo ever worked for was Baltimore County and he states that he never had contact with any or Rahim's other clients.  See Moscaritolo Affidavait, ECF #4, Ex. 2.

     Defendants removed the action to this Court on February 3, 2016.  Defendants filed their Motion to Transfer Venue on February 5, 2016; the same day that Defendant

Moscaritolo filed a Motion to Dismiss for lack of Personal Jurisdiction. (ECF #4)

## DISCUSSION

Chapter 28 of the United States Code, Section1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  This provision was intended "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Continental Grain Co. V. Barge F.B.L.-585,* 364 U.S. 19, 27 (1960).  Under this provision, a district court has broad discretion to grant or deny a motion to transfer, so long as jurisdiction is proper in either court.  *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)(citing *Cote v. Wadel*, 796, F.2d 981, 985 (7th Cir. 1986). *See Hoffman v. Blaski*, 363 U.S. 335, 343-344 (1960) ( An action can originally be brought in a district court if that court has subject matter jurisdiction; the defendants are subject to personal jurisdiction in that court; and venue is proper.)

In this case, Defendants seek transfer to the Eastern District of Virginia or the District of Maryland. Both of those courts, as well as this Court, have subject matter jurisdiction over this matter based upon diversity jurisdiction.  However, Defendant Moscaritolo argues that this Court does not have personal jurisdiction over him because he lives and works in Maryland, never traveled to Ohio during his employment and Plaintiff's limited supervisory actions in Ohio were not sufficient to confer jurisdiction over him. Invoking this same argument, Plaintiff contends that the Eastern District of Virginia would not have jurisdiction over Mr. Moscaritolo for the same reasons. The Court recognizes that there are serious questions concerning whether personal jurisdiction exists over Mr.

Moscaritolo in this Court or in the Eastern District of Virginia. However, all parties agree that this action could properly have been brought in the District of Maryland. As such, the Court must exercise its best discretion in deciding whether to grant the transfer to the District of Maryland.

The Sixth Circuit has outlined several factors that a district court should consider when deciding whether or not a transfer under 28 U.S.C. § 1404(a) is warranted, including the private interests of the parties and other public-interest concerns. *Moses v. Business Card Express, Inc*., 929 F.2d 1131, 1137 (6th Cir. 1991). These public and private interests include the plaintiff's choice of forum, location of necessary documents, convenience of witnesses, possibility of prejudice in either forum, and the practical problems associated with trying the case as expeditiously and as inexpensively as possible. *See*, *USA v. Cinemark USA, Inc*., 66 F. Supp.2d 881, 887 (N.D. Ohio 1999)(citing *West American Ins. Co. v. Potts*, 1990 U.S. App. LEXIS 12513, 1990 WL 104034, at *2(6th Cir. July 25, 1990)). In order to warrant transfer, the balance of all relevant factors must weigh strongly in favor of transfer, and the burden is upon the party requesting the transfer to prove that this is so. *Jeffrey Mining Prods. v. Left Fork Mining Co.*, 992 F. Supp. 937, 938 (N.D. Ohio 1997); *Picker Int'l, Inc. V. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 573 (N.D. Ohio 1998).

Overall, based upon the specific facts in this case, the balance of relevant factors weighs in favor of transfer. While a plaintiff's choice of forum is usually entitled to significant weight, that choice is entitled to somewhat less weight when the case is removed to federal court because the plaintiff is no longer in his or her chosen forum,

which was state court. *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 947 (S.D. Ohio 2002) citing *SKY Technology Partners, LLC, v. Midwest Research Institute,* 125 F.Supp.2d 286, 292 (S.D. Ohio 2000); *Neff Athletic Lettering Co. v. Walters,* 524 F.Supp. 268, 273 (S.D.Ohio 1981). Technically, Plaintiff did not choose this Court, since the action was originally filed in the Common Pleas Court for Cuyahoga County, Ohio; therefore, Plaintiff's choice of forum, while relevant to the issue of transfer, is not entitled to the substantial weight that it otherwise might receive.

     Moreover, it appears that most of the material witnesses in this action are in Maryland or Virginia, or at least are not in Ohio.  All of the individual Defendants are Maryland residents.  Mindboard is in Virginia. It appears that the other former employees who have been dismissed from this action by Plaintiff, but may have knowledge of the claims presented, reside in Maryland or Virginia.  The Plaintiff no longer has office space or employees or operations in Ohio.  The owner of the Company, Mr. Rahim, does not reside in Ohio.  The only material Ohio witnesses identified by Plaintiff in its discovery responses who have knowledge about the claims and defenses in this case, are its outside accountant and the person who helped close his business. Plaintiff correctly notes that the Court should consider the nature and quality of the witnesses' testimony, not just the number of witnesses outside Ohio.  Based upon the allegations of the Complaint, the accountant and perhaps the person who helped close the business, are material.  The claims asserted by Plaintiff – the alleged stealing of contracts and client relationships, trade secrets, falsifying financial reports and sales forecasts to Rahim's owner, and conspiracy-- will rise and fall on the testimony of the Defendants, Mr. Rahim and perhaps some of the

"stolen clients." The other potential and unnamed Ohio witnesses suggested by Plaintiff in it's the opposition to the motion to transfer appear to have minimal relevance to the issues raised in the Complaint. It is unclear where the company's relevant documents and records are located now that the company is defunct.  Some could be with the outside accountant in Cleveland, or more likely they are with Mr. Rahim in North Carolina.

Further, Plaintiff's former contracts identified in the Complaint as now being clients of Mindboard–Dayton RTA, Castaic Lake Water Agency, Montgomery County Maryland, Xerox and Baltimore County Maryland, are not present in the Northern District of Ohio. Similarly, Defendants point to numerous factual allegations in the Complaint which demonstrate that the alleged situs of material events occurred in other forums, mainly Maryland.  Specifically, in its Complaint Plaintiff asserts that Defendant Verekar, on behalf of Mindboard, met with Plaintiff's client, Montgomery County [Maryland], to solicit them for case management; Verekar, on behalf of Mindboard, attended a pre-bid meeting with Plaintiff's client VTA in Santa Clarita, California; Defendants Verekar and Shah, while employed by Plaintiff, took numerous trips to Baltimore, Maryland between July 2013 and February 2014; all of Plaintiff's employees working in Baltimore Maryland, including Defendant Moscaritolo, left their employment with Plaintiff in March and April of 2014; Plaintiff paid travel expenses for a number of its employees to go and stay in Baltimore, Maryland from July 2013 to February 2014.

Defendants assert that the public interest favors transfer because the only connection Plaintiff has to this venue is that Rahim had its principal place of business here, two of the individual Defendants worked here and some, but certainly not all, of Plaintiff's

creditors, (who are not parties to this action) are located here. Plaintiff no longer operates in Ohio and has no physical presence or employees here. Thus, Defendants posit, even if this litigation is successful, there is no indication that Plaintiff would reopen in this forum, hire any employees here or make payments to any creditors in Ohio.

Plaintiff counters that Ohio has an interest in this litigation because an Ohio company alleges that it has been ruined by defendants' actions and that many of its creditors, such as its former landlord, are located in Ohio. Thus, a verdict for Plaintiff may well have economic consequences for other entities in Ohio. Further, the choice of Ohio law in the employment agreement signed by Defendants weighs in favor of not transferring the action as this Court would have more experience in applying Ohio law than the district court in Maryland.

Plaintiff's economic consequences argument regarding its Ohio creditors is extremely tangential. Defendants note that many of Plaintiff's creditors are located in other states and that some of them have already obtained substantial judgments against Plaintiff effectively negating this speculative "Ohio" interest. The Ohio choice of law provision in the individual defendants' employment contracts, while a factor, is not particularly important in this instance. First the only employment agreement attached to the Complaint is the one signed by Defendant Moscaritolo. Even assuming that Ohio law would be the law applied in this action, federal courts routinely apply law from states other than the state in which they sit. *See also, Midwest Motor Supply Co., Inc. v. Kimball*, 761 F. Supp. 1316, 1319 (S.D. Ohio 1991)("although this Court is more familiar with Ohio law than the Northern District of Georgia, it does not appear that Ohio contract law is so unique

that this fact alone should strongly militate against transfer.")

Further, while not as important in the transfer determination, docket congestion marginally favors transfer in this case. More importantly, the District of Maryland is the only venue which all of the parties, and this Court, agree has personal jurisdiction over all of the Defendants. The question of whether this Court has personal jurisdiction over Defendant Moscaritolo is very close and weighs in favor of transfer. Moreover, many of the operative actions surrounding Plaintiff's claims occurred in Maryland and other states and most of the witnesses material to Plaintiff's claims reside in Maryland or Virginia. Plaintiff, as a defunct and non-operating company, no longer has any particular connection with Ohio. In these circumstances the Court finds that Defendants have met its burden of showing that the considered factors weigh strongly in favor of transfer. Accordingly, Defendants' Motion to Transfer this action to the District of Maryland (ECF #5) is granted. The Clerk of Courts shall transfer this action to the United States District Court of Maryland.

IT IS SO ORDERED.

      /s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:  April 18, 2016